**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| JOAN BELL * | |
| * | COMPLAINT |
| Plaintiff, * | |
| * | |
| v. * | |
| * | JURY TRIAL DEMANDED |
| WEINSTOCK, FRIEDMAN, * | |
| & FRIEDMAN, P.A. * | |
| * | |
| Defendant * | |

**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here

**PARTIES**

4. Plaintiff is a natural person who resides in Montgomery County, Maryland, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant Weinstock, Friedman, & Friedman, P.A. ("WFF") is a law firm that specializes in debt collection with its principal place of business located at 4 Reservoir Circle, Baltimore, MD 21208-7301. Defendant WFF is a debt collector as that term is defined by 15 U.S.C. §1692a(6) in that it is a company collecting a consumer debt allegedly owed by Plaintiff.

**FACTUAL ALLEGATIONS**

6. In May of 2005, Plaintiff obtained a credit card from Barclays Bank Delaware ("Barclays"). This was a obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. On or about November 23, 2011, Plaintiff sought relief from her creditors by filing a Chapter 7 bankruptcy with the United States Bankruptcy Court for the District of Maryland (Case No. 11-33169). On this date, Plaintiff's bankruptcy was reported to bankruptcy monitoring services such as AACER, and BANKO.

8. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, an unsecured debt was listed in favor of "Brclysbankde" in the amount of $2425.00. A copy of the filed Schedule F is attached as **Exhibit A**.

9. On or about November 30, 2011, the Clerk of the Bankruptcy Court certified that it had sent out notice of Plaintiff's bankruptcy to all creditors as well as the Bankruptcy Noticing Center, AACER, and BANKO. A copy of this certification is attached as **Exhibit B**.

10. At some point afterwards, Barclays sent the debt to Defendant to collect on this debt from Plaintiff.

11. On or about December 12, 2011, after failing to do any due diligence on whether Plaintiff filed a bankruptcy, Defendant sent a letter to Plaintiff in an attempt to collect on the debt owed to Barclays; the amount being sought in this letter matches the amount described in paragraph 8 of this Complaint.

12. A copy of this letter is attached as **Exhibit C.** This letter was a communication, as defined by 15 U.S.C. § 1692a(2).

13. The § 341 Meeting of Creditors was held on December 20, 2011 in Greenbelt, Maryland. Neither Defendant nor a representative of Barclays appeared at this hearing.

**COUNT I. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692 et seq.**

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. This Court in *Awah v. Donaty*, 2009 U.S. Dist. LEXIS 103077 (D. Md. Nov. 4, 2009) stated that in order for Plaintiff to make a successful claim under the FDCPA, he/she must show that

(1) The plaintiff has been the object of collection activity arising from consumer debt;
(2) The defendant is a debtor collector as defined by the FDCPA; and
(3) The defendant has engaged in an act or omission prohibited by the FDCPA.

16. Here, all elements are present, satisfied, and cannot be disputed.

17. The Honorable Judge Easterbrook wrote in *Randolph v. IMBS Inc. et al*, 368 F.3d 726 (7th Cir. 2004) that, "A demand or immediate payment while a debtor is in bankruptcy or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not."

18. Therefore Defendant's aforementioned attempt to collect on a debt that Plaintiff included in his bankruptcy was a false statement to the Plaintiff, in direct violation of 15 U.S.C. §§ 1692(e), e(2)(a), e(10).

19. Plaintiff had filed bankruptcy specifically to gain relief from her creditors and to stop these kinds of collection efforts.

20. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

a) For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendant and for Plaintiff;

b) For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant and for Plaintiff; and

c) For such other and further relief as this Court deems just and proper.

### TRIAL BY JURY

21. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

Respectfully submitted this 21st day of December, 2011;

JOAN BELL

By:
/s/
Robinson S. Rowe, Bar No. 27752
Attorney for the Plaintiff
Rowe Barnett, PLLC
5906 Hubbard Dr., Suite 4-A
Rockville, MD 20852
TEL: 301-770-4710 / FAX: 301-770-4711
interoffice@rowepllc.com